UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREGORY A. WEILER, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-0487-CVE-JFJ |
| | ) | |
| WARDEN BONCHER, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court on petitioner Gregory A. Weiler, II,'s motion for writ filed December 12, 2022 (Dkt. # 4); petition for writ of habeas corpus under 28 U.S.C. § 2241 filed December 21, 2022 (Dkt. # 5); and motion for leave to proceed in forma pauperis filed December 21, 2022 (Dkt. # 6).[1]  Based on representations in the motion for leave to proceed in forma pauperis, the Court finds that petitioner lacks sufficient funds to pay the $5 filing fee.  The Court therefore grants the motion and authorizes petitioner to proceed without prepayment of the filing fee.  However, for the following reasons, the Court dismisses the petition for writ of habeas corpus and denies the motion for writ.

**A.   Petition for writ of habeas corpus**

This Court must "promptly examine" a habeas petition and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the United States

---

[1] Petitioner initiated this action by filing a handwritten petition for writ of habeas corpus. In an order filed December 8, 2022 (Dkt. # 3), the Court found that pleading deficient and directed petitioner to file a second petition using the court-approved form, as required by this Court's local rules.  Petitioner complied with that directive on December 21, 2022.  The Court therefore declares moot the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed November 1, 2022 (Dkt. # 1).

District Courts; see Boutwell v. Keating, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (noting district courts have discretion to apply Habeas Rule 4 when petitioners seek relief under 28 U.S.C. § 2241). Because petitioner appears without counsel, the Court liberally construes his filings. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Petitioner presently is detained in federal custody at FMC Devens, in Massachusetts, pursuant to an order of this Court, entered in 2014, committing him to the custody of the Attorney General, under 18 U.S.C. § 4243(e), following this Court's finding that petitioner was not guilty only by reason of insanity of criminal charges filed against him in N.D. Okla. Case No. 13-CR-0018-CVE. Dkt. # 5, at 1-2; see also Dkt. ## 48, 62, N.D. Okla. Case No. 13-CR-0018-CVE. Petitioner states that he brings this action to challenge "being deemed dangerous to society w/o sitting in or being present in the risk assessment, thus being unable to stand up for [him]self in both 2019 & 2020." Dkt. # 5, at 2. He identifies four claims to support his assertion that he is being held in violation of the Constitution, laws, or treaties of the United States. First, he alleges a violation of his Fifth Amendment right to due process, claiming that he has been denied representation for purposes of the "risk panel." Id. at 6. Second, he alleges a violation of his Sixth Amendment right to counsel, claiming he "had no assistance of counsel in [his] risk hearing" because he was "pro se and wasn't present at it" and was not "offered a sit-in representative." Id. Third, he alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment, claiming that he has been detained without due process. Id. Fourth, he alleges a Sixth Amendment violation, claiming that because he was not present for his "risk panel," he could not "obtain witnesses in [his] favor in federal court" and "was absolved of [the] right to protest." Id. at 7. In his request for relief, petitioner asks this Court to order his release and states that he "expect[s] filings against staff to stand as legal if at all possible as [petitioner] repeatedly told them

[he] didn't need forced medication hence it is assault." Dkt. # 5, at 7.

The Court liberally construes the petition as challenging the legality of petitioner's current confinement and as seeking his immediate release. A person committed to confinement under 18 U.S.C. § 4243 may seek relief through a § 2241 petition, see 18 U.S.C. § 4247(g), and may ask the committing court to grant his or her request to be released from confinement, see Archuleta v. Hedrick, 365 F.3d 644, 649 (8th Cir. 2004). However, the Court finds that the petition shall be dismissed because it is plainly apparent, for two reasons, that petitioner is not entitled to relief. First, none of petitioner's claims is timely. See 28 U.S.C. § 2244(d)(1)(D) (providing that habeas petitioner has one year to file habeas petition commencing on the date a reasonably diligent petitioner could have discovered the factual predicate of his or her claims). As previously stated, petitioner brings this action to challenge alleged constitutional deficiencies related to his 2019 and 2020 annual risk assessments. Dkt. # 5, at 2. He alleges his Fifth Amendment right to due process and Sixth Amendment right to counsel were violated because he was "denied representation" and "had no assistance of counsel" during these assessments (claims one and two); that the alleged violation of his Fifth Amendment right to due process also necessarily violates his Eighth Amendment right to be free from cruel and unusual punishment (claim three); and that his Sixth Amendment right to "obtain witnesses" was violated because he was not present for, or able to "obtain witnesses" for, these risk assessments (claim four).[2] Id. at 6-7. But there are no allegations in the petition to explain why petitioner could not have discovered these purported constitutional

---

[2] The Court acknowledges that some of petitioner's allegations appear to also refer to a lack of representation at a "risk hearing" and an inability to present witnesses "in federal court." Dkt. # 5, at 7. But petitioner clearly states in the petition that he brings this action to challenge risk assessments that were conducted in 2019 and 2020. Id. at 2. The Court thus finds it reasonable to construe all of petitioner's claims as referring to alleged constitutional deficiencies in the risk assessments that occurred in 2019 and 2020.

3

violations in 2019 and 2020, when they allegedly occurred,[3] or why petitioner waited until November 2022 to present his claims in a § 2241 petition.[4]

Second, even disregarding petitioner's delay in asserting the claims that appear related only to the 2019 and 2020 risk assessments, petitioner does not identify any plausible constitutional claims. Petitioner appears to base his claims on his belief that he is entitled to certain constitutional rights in the context of an annual risk assessment performed by a facility director under 18 U.S.C. § 4247(e). When, as in this case, a person is committed to a mental health facility, under § 4243, the facility director must prepare and submit to the committing court an annual report "concerning the mental condition of the person and containing recommendations concerning the need for [the person's] continued commitment." 18 U.S.C. § 4247(e)(1)(B). But nothing in this statute requires, or even suggests, that the person must be provided counsel or must be permitted to obtain witnesses for purposes of an annual risk assessment. Instead, those constitutional rights are honored in those cases when the committing court orders a hearing regarding the person's mental condition. See 18 U.S.C. § 4247(d) ("At a hearing ordered pursuant to [Chapter 313] the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.").

---

[3] In screening a habeas petition, the Court must accept as true the petitioner's allegations. Nonetheless, the Court finds it appropriate to take judicial notice of filings in petitioner's criminal case showing that petitioner did, in fact, participate in the 2019 and 2020 annual risk assessments. Dkt. ## 71, 90, N.D. Okla. Case No. 13-CR-0018-CVE; see St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

[4] Petitioner filed a § 2241 petition in January 2022, but he asserted different claims in that petition. See Dkt. ## 1, 6, N.D. Okla. Case No. 22-CV-0005-TCK-CDL.

4

Thus, on the facts alleged, petitioner does not identify any plausible constitutional violations to support his claim that he is unlawfully detained and that he is thus entitled to federal habeas relief under § 2241.

For these reasons, the Court dismisses the 28 U.S.C. § 2241 petition for writ of habeas corpus filed December 21, 2022 (Dkt. # 5). Further, the Court declines to issue a certificate of appealability as no issues presented in the petition deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**B.     Motion for writ**

The relief petitioner requests through the motion for writ filed December 12, 2022 (Dkt. # 4) is unclear. He appears to seek a writ of mandamus directing a "lower court" to do something and asserts "the courts have performed an illegal procedure" because "contestments" were "filed in low court and not appellate." Dkt. # 4, at 1-2. "Generally, before a writ of mandamus may issue, the petitioner must satisfy three conditions: the party seeking [the] writ must have no other adequate means for relief sought, the party's right to the writ must be clear and undisputable, and the issuing court must be satisfied that the writ is appropriate." United States v. Copar Pumice Co., 714 F.3d 1197, 1210 (10th Cir. 2013). None of these conditions is satisfied here as petitioner's motion is mainly unintelligible and partially illegible. The Court thus denies the motion for writ filed December 12, 2022 (Dkt. # 4).

      **ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed November 1, 2022 (Dkt. # 1) is **declared moot**;

2. the motion for leave to proceed in forma pauperis filed December 21, 2022 (Dkt. # 6) is **granted**;

3. the 28 U.S.C. § 2241 petition for writ of habeas corpus filed December 21, 2022 (Dkt. # 5) is **dismissed**;

4. a certificate of appealability is **denied**;

5. the motion for writ filed December 12, 2022 (Dkt. # 4) is **denied**; and

6. a separate judgment shall be entered in this matter.

**DATED** this 5th day of January, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE